IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**QUENTIN R. JEFFERSON,**           CASE NO. 09-cv-00689
                                                  CRIM. NO. 2:05-cr-40
       Petitioner,                     JUDGE SMITH
                                                  MAGISTRATE JUDGE ABEL

v.

**UNITED STATES OF AMERICA,**

       Respondent.

## OPINION AND ORDER

On August 14, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 be dismissed. Petitioner has filed a "Motion to Appeal Judges Decision", Doc. No. 33, which this Court construes as objections to the Magistrate Judge's Report and Recommendation. Petitioner requests that his probation be shortened from three years to 18 months and claims that his sentence was excessive.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. As discussed by the Magistrate Judge, petitioner's claim that he should have received a shorter sentence for violating the terms of his probation would properly be raised on direct appeal, and not in §2255 proceedings. To obtain relief under §2255, a prisoner must establish that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.§2255. "[N]onconstitutional claims that could have been raised

on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n. 10 (1976).

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).
>
> To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); *accord Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), cert. denied,517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996).

*McNeil v. United States*, 72 F.Supp.2d 801, 803 (N.D. Ohio 1999). Petitioner cannot meet this burden here. Further, he has failed to establish cause and prejudice for failing to raise his claim on direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).

Therefore, for the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

\s\ George C. Smith
GEORGE C. SMITH
United States District Judge